1  R. Rex Parris, SBN 96567
   rrex@parris.com
2  Alexander R. Wheeler, SBN 239541
   alex@parris.com
3  John M. Bickford, SBN 280929
   jbickford@parrislawyers.com
4  PARRIS LAW FIRM
   43364 10th Street West
5  Lancaster, CA  93534
   Telephone:  (661) 949-2595
6  Facsimile:  (661) 949-7524

7  Hirad D. Dadgostar, SBN 241549
   hirad@dadgostarlaw.com
8  Azadeh Dadgostar Gilbert, SBN 276072
   azadeh@dadgostarlaw.com
9  DADGOSTAR LAW LLP
   12400 Wilshire Boulevard, Suite 400
10 Los Angeles, CA  90025
   Telephone:  (310) 820-1022
11 Facsimile:  (310) 820-1088

12 Attorneys for Plaintiffs RAMZI ABED,
   MICHAEL FLOWERS, LAUREN LEVITT, and
13 CHRISTOPHER MYRICK, individually and on
   behalf of all others similarly situated and the
14 general public

15 **UNITED STATES DISTRICT COURT**

16 **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 17  RAMZI ABED, MICHAEL FLOWERS, LAUREN LEVITT, and CHRISTOPHER MYRICK, individually and on behalf of all others similarly situated and the general public,<br><br>PLAINTIFFS,<br><br>v.<br><br>MIKE BLOOMBERG 2020, INC., a Delaware corporation; and DOES 1 thru 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**<br><br>1. Knowing and/or Willful Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227, *et seq*.); and<br><br>2. Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227, *et seq*.) |

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

# GENERAL ALLEGATIONS

PLAINTIFFS RAMZI ABED, MICHAEL FLOWERS, LAUREN LEVITT, and CHRISTOPHER MYRICK, individually and on behalf of themselves, all others similarly situated, and the general public, complain and allege on information and belief the following against DEFENDANTS MICHAEL BLOOMBERG 2020, INC., and DOES 1-10:

## INTRODUCTION

1. This is a class action, under Rule 23 of the Federal Rules of Civil Procedure, arising out of DEFENDANTS' violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA"). PLAINTIFFS bring this Complaint to: (1) stop DEFENDANTS' practice of sending text messages using an "automatic telephone dialing system" ("ATDS") to the cellular telephones of consumers nationwide without their prior express written consent; (2) enjoin DEFENDANTS from continuing to send autodialed text messages to consumers who did not provide their prior express written consent to receive them; and (3) obtain redress for all persons injured by DEFENDANTS' conduct.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed Class; (b) some members of the proposed Class have a citizenship different from that of DEFENDANTS; and (c) the claims of the proposed Class Members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

3. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

4. This Court has personal jurisdiction over DEFENDANTS because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because PLAINTIFFS reside in this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## THE PARTIES

6. PLAINTIFFS RAMZI ABED, MICHAEL FLOWERS, LAUREN LEVITT, and CHRISTOPHER MYRICK ("PLAINTIFFS") are and at all relevant times were residents of Los Angeles County and citizens of the State of California.

7. DEFENDANT MIKE BLOOMBERG 2020, INC. ("BLOOMBERG") is a corporation organized under the laws of the State of Delaware, maintaining principal offices for its California operations in Los Angeles, California, conducting business in Los Angeles County and throughout the United States, and is the principal campaign committee for the 2020 presidential campaign of Michael Rubens Bloomberg.

8. During all times relevant to PLAINTIFFS' claims, DEFENDANTS BLOOMBERG and DOES 1 through 10, and each of them, individually or jointly, directly or indirectly, directed and authorized all of the unlawful text messages described herein, and were intimately involved in the program to send these texts, including the selection of the calling equipment and/or platform. DEFENDANT BLOOMBERG was the guiding spirit and central figure behind these unlawful messages being sent in the manner they were. The unlawful messages were sent for DEFENDANT BLOOMBERG's direct benefit and for the express purpose of promoting DEFENDANT BLOOMBERG's efforts to obtain money from consumers in California and throughout the United States in support of his 2020 presidential campaign.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to PLAINTIFFS, who therefore sue Defendants by such fictitious names under California Code of Civil Procedure section 474. PLAINTIFFS are informed and believe, and based thereon allege, that each of the Defendants designated herein as a Doe is legally responsible in some manner for the unlawful acts referred to herein. PLAINTIFFS will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

10. PLAINTIFFS are informed and believe, and based thereon allege, that each of the DEFENDANTS acted in all respects pertinent to this action as the agent of the other DEFENDANTS, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each DEFENDANT are legally attributable to the other DEFENDANTS.

11. PLAINTIFFS are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. PLAINTIFFS are informed and believe, and thereon allege, that at all times material hereto DEFENDANTS were and are the agents of each other.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.   The TCPA of 1991**

12. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

13. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the

capacity . . . (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

14. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls....").

15. The FCC has also ruled that consumers are entitled to the same protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has subsequently confirmed that the prohibition on using automatic telephone dialing systems to make calls to wireless phone numbers applies to text messages (*e.g.* phone-to-phone [short message service]), as well as voice calls.") (internal quotations omitted).

**B.  Defendants' Text Messages to Plaintiffs and Class Members**

16. Beginning in 2020, DEFENDANTS BLOOMBERG and DOES 1 through 10, and each of them, individually or jointly, directly or indirectly, sent multiple unsolicited, non-emergency text messages to the cell phones of PLAINTIFFS and other telephone consumers throughout California and the United States promoting the 2020 presidential campaign of Michael Rubens Bloomberg, and they did so with full knowledge as to the lack of requisite consent that DEFENDANTS knew was necessary for their messages to have been lawfully texted to consumers in the manner in which they were. The text messages were impersonal and generic, a hallmark of DEFENDANT BLOOMBERG.

17. DEFENDANTS sent the text messages on behalf of DEFENDANT BLOOMBERG using an automatic telephone dialing system ("ATDS") without obtaining PLAINTIFFS' prior express written consent. The ATDS used was created by Hustle, Inc., which is the developer and provider of a software based text messaging platform that promotes having the ability to send thousands of messages in minutes.

18. DEFENDANT BLOOMBERG, on the main landing page for the 2020 campaign, demonstrates its awareness of the law's requirement of consumer consent for such text messages by prominently featuring a form for its website visitors to provide their email address, zip code, *and mobile number*, coupled with the following language: "*By providing your number, you are agreeing to receiving campaign updates via text message from Mike Bloomberg 2020.*"



*See* Mike Bloomberg 2020, at www.mikebloomberg.com (last visited Mar. 4, 2020) (emphasis added).

19. Hustle, on its webpage, boasts about how its platform enables campaigns like that of DEFENDANT BLOOMBERG to send literally "thousands of messages in minutes", and similarly demonstrates its awareness that the

5
**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

recipients of its automated mass message blasts must first have consented to receiving the texts, stating as follows:

> Hustle is built for organizations to text contacts that they have a pre-existing relationship with, in a compliant way. Organizations can text anyone who previously provided their contact information, for example: . . . Donated in the last 18 months . . . .



*See* Hustle, Inc., *Who Can You Text?*, at www.hustle.com/how-it-works (last visited Mar. 4, 2020).

20. Hustle further acknowledges the intrusiveness of unsolicited text messages that the TCPA prohibits and which its automation platform knowingly facilitates, encouraging campaigns like that of DEFENDANT BLOOMBERG to "*[b]reak through by using the medium people pay attention to*," and its software's ability to confer the power to "carry out over a thousand conversations per hour."

*See* Hustle, Inc., *Solve Your Fundraising Challenges Quickly and Simply*, at www.hustle.com/fundraising (last visited Mar. 4, 2020).

21. Upon information and belief, DEFENDANTS' text messages to PLAINTIFFS originated from telephone numbers owned and operated by DEFENDANTS.

22. PLAINTIFFS never consented in writing, or otherwise, to receive autodialed text messages from DEFENDANTS relating to Mr. Bloomberg's controversial and surprising candidacy as a Democrat. Prior to the text messages at issue in this action, PLAINTIFFS RAMZI ABED, MICHAEL FLOWERS, LAUREN LEVITT, and CHRISTOPHER MYRICK had no contact with any of the DEFENDANTS, did not have a pre-existing relationship with DEFENDANTS, and never gave their prior consent to receiving DEFENDANTS' text messages on their cellular phones soliciting them to support Mr. Bloomberg or contribute to his campaign. PLAINTIFFS never provided their mobile phone numbers to DEFENDANT BLOOMBERG through the online form on its webpage as described above for that ostensible purpose, nor did they ever donate to DEFENDANT BLOOMBERG in the purportedly illustrative example Hustle conflates on its website as an example of consumer consent. PLAINTIFFS did not and do not support Mr. Bloomberg, and the text messages willfully sent to them by DEFENDANTS in the absence of their consent which DEFENDANTS knew was required under the TCPA was not only violative of PLAINTIFFS' rights under the law, but was offensive to PLAINTIFFS who desire and have the right to be free from such harassment.

## CLASS ACTION ALLEGATIONS

23. PLAINTIFFS bring this action on behalf of themselves individually and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class composed of and defined as follows

(herein referred to as the "Class" and its putative members as the "Class Members"):

> All persons within the United States who (a) received a text message on his or her cellular telephone; (b) made by or on behalf of DEFENDANTS; (c) without giving prior express written consent to DEFENDANTS; (d) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

24. PLAINTIFFS represent, and are members of, this proposed Class. Excluded from the Class are DEFENDANTS and any entities in which DEFENDANTS have a controlling interest, DEFENDANTS' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

25. **Numerosity.** PLAINTIFFS do not know the exact number of members in the proposed Class, but reasonably believe, based on the scale of DEFENDANTS' business, that the Class is so numerous that individual joinder would be impracticable.

26. **Existence and predominance of common questions of law and fact.** PLAINTIFFS and all members of the proposed Class have been harmed by the acts of DEFENDANTS in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing and offensive text messages, and violations of their statutory rights.

27. The disposition of the claims in a class action will provide substantial benefit to the Parties and the Court in avoiding a plethora of identical suits.

28. The proposed Class can be easily identified through records maintained by DEFENDANTS.

29. There are well defined, nearly identical, questions of law and fact affecting all Parties. The questions of law and fact involving the Class claims predominate over questions which may affect individual members of the proposed

Class. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendants sent text messages to Plaintiff and class members using an ATDS without their prior express written consent;

    b. Whether Defendants' conduct was knowing and/or willful;

    c. Whether Defendants are liable for damages, and the amount of such damages; and

    d. Whether Defendants should be enjoined from engaging in such conduct in the future.

30. **Typicality.** PLAINTIFFS assert claims that are typical of each member of the Class because they are all persons who received text messages on their cellular telephones through DEFENDANTS' use of an ATDS without their prior express written consent.

31. **Adequacy of Representation.** PLAINTIFFS will fairly and adequately represent and protect the interests of the proposed Class, and have no interests which are antagonistic to any member of the proposed Class.

32. PLAINTIFFS have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

33. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy.

34. Class-wide relief is essential to compel DEFENDANTS to comply with the TCPA.

35. The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against DEFENDANTS is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

36. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the text messages at

issue are all automated and the members of the Class, by definition, did not provide the prior express written consent required under the statute to authorize text messages to their cellular telephones.

37. DEFENDANTS have acted on grounds generally applicable to the proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Class as a whole appropriate.

38. Moreover, upon information and belief, PLAINTIFFS allege that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS
## OF THE TELEPHONE CONSUMER PROTECTION ACT
## (47 U.S.C. §§ 227, *et seq.*)

39. As a separate and distinct cause of action against all DEFENDANTS, PLAINTIFFS reallege and incorporate by reference, as though fully set forth herein, all the foregoing paragraphs of this Complaint as if fully stated herein, excepting those allegations which are inconsistent with this cause of action.

40. The foregoing acts and omissions of DEFENDANTS constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. §§ 227, *et seq*.

41. As a result of DEFENDANTS' knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, PLAINTIFFS and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every text message sent in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

42. PLAINTIFFS and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by DEFENDANTS in the future.

43. PLAINTIFFS and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

44. WHEREFORE, PLAINTIFFS request relief as hereafter provided.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### (47 U.S.C. §§ 227, *et seq.*)

45. As a separate and distinct cause of action against all DEFENDANTS, PLAINTIFFS reallege and incorporate by reference, as though fully set forth herein, all the foregoing paragraphs of this Complaint as if fully stated herein, excepting those allegations which are inconsistent with this cause of action.

46. The foregoing acts and omissions of DEFENDANTS constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*

47. As a result of DEFENDANTS' violations of 47 U.S.C. §§ 227, *et seq.*, PLAINTIFFS and members of the proposed Class are entitled to an award of $500.00 in statutory damages for each and every text message made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

48. PLAINTIFFS and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by DEFENDANTS in the future.

49. PLAINTIFFS and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

50. WHEREFORE, PLAINTIFFS request relief as hereafter provided.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for relief and judgment against all DEFENDANTS, jointly and severally, as follows:

1. For an order determining that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

2. For an order appointing PLAINTIFFS as the representatives of the Class as indicated and defined herein;

3. For an order appointing PLAINTIFFS' counsel as Class Counsel;

4. For injunctive relief, including an order prohibiting such violations of the TCPA by DEFENDANTS in the future;

5. For DEFENDANTS' willful and/or knowing violations of the TCPA, PLAINTIFFS seek for themselves and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every text message that violated the TCPA.

6. For DEFENDANTS' violations of the TCPA, PLAINTIFFS seek for themselves and each member of the proposed Class $500.00 in statutory damages for each and every text message that violated the TCPA.

7. For an award of attorneys' fees and costs as allowed by applicable law;

8. For interest accrued to date; and

9. For such other and further relief as this Court may deem appropriate.

Dated:     March 6, 2020          Respectfully submitted,

                                  PARRIS LAW FIRM

                                  DADGOSTAR LAW LLP


                                  By: /s/ *John M. Bickford*
                                      R. Rex Parris
                                      Alexander R. Wheeler
                                      John M. Bickford
                                      Hirad D. Dadgostar
                                      Azadeh Dadgostar Gilbert

                                  Attorneys for PLAINTIFFS and Proposed Class

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

## DEMAND FOR JURY TRIAL

PLAINTIFFS and Class Members hereby demand a trial by jury on all issues so triable.

Dated:   March 6, 2020

Respectfully submitted,

PARRIS LAW FIRM

DADGOSTAR LAW LLP

By: /s/ *John M. Bickford*
R. Rex Parris
Alexander R. Wheeler
John M. Bickford
Hirad D. Dadgostar
Azadeh Dadgostar Gilbert

Attorneys for PLAINTIFFS and Proposed Class